UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN L. BROMLEY,<br>        Plaintiff,<br><br>v.<br><br>SHERIFF FRANK COUSINS, et al,<br>        Defendants. | Civil Action No. 04-12715-RCL |

## MEMORANDUM AND ORDER

For the reasons stated below, the Court will treat plaintiff's letter as a request for temporary restraining order and deny plaintiff's request. Plaintiff is granted additional time to (1) either pay the filing fee or file an Application to Proceed Without Prepayment of Fees; and (2) file a complaint in accordance with the Federal Rules of Civil Procedure.

## BACKGROUND

On December 28, 2004, plaintiff Steven L. Bromley, a pre-trial detainee at the Essex County Correctional Facility ("ECCF"), filed a two-page letter with the Court written on behalf of himself and other inmates at the ECCF concerning the conditions of confinement at ECCF. Mr. Bromley complains of the lack of heat in the cells as well as the limited access to the law library. With his letter, Mr. Bromley submitted proposed temporary restraining orders concerning (1) immediate repairs to the heating systems for inmate cells; and (2) increased access to the law library.

## DISCUSSION

    I.    <u>Filing Fee</u>

A party filing a civil complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit (the "Application"). <u>See</u>

28 U.S.C. 1914(a) ($150.00 filing fee); 28 U.S.C. 1915 (proceedings in forma pauperis).

Because plaintiff is incarcerated, he is advised that pursuant to 28 U.S.C. § 1915(b)(1), prisoners are required to pay the full amount of the filing fee. If plaintiff files an application to proceed without prepayment of fees, the Court will direct the appropriate prison official to withhold from his prison account and pay to the court an initial payment towards the $150.00 filing fee. The appropriate prison official will also be directed to collect from plaintiff's prison account on a continuing basis each month until such time as the $150.00 statutory filing fee is paid in full.

II.     Plaintiff Failed to File A Complaint

In order to commence a civil action in this Court, a plaintiff must file a complaint. Fed. R. Civ. P. 3. The complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id.

This Court, consistent with its duties to construe pro se pleadings generously, will grant time to plaintiff to file a complaint that conforms with the Federal Rules of Civil Procedure and the Local Rules of this Court. Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); McClellon v. Lone Star Gas Company, 66 F.3d 98, 103 (5th Cir. 1995) (pro se complainant should be given leave to amend defective allegations; amended complaint filed to cure Rule 8 pleading deficiencies relate back to the original, deficient complaint when the amended complaint properly pleads what the party "attempted to set forth" in the original complaint); Case v. Califano, 441 F. Supp. 304, 306 n. 1 (D. S.C. 1977) (filing of a copy of the Appeals Council rejection letter was sufficient to commence civil action where court has "seen all types

of scraps of paper construed as proper complaints in pro se prisoner actions."); see also Instituto de Educacion Universal Corp. v. Department of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a complaint).

    III.    Plaintiff May Not Represent Anyone But Himself

As a general rule, a plaintiff who is not an attorney may only represent himself, not any other party. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court .... will be allowed to appear and practice before the court only in his own behalf."); accord Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on behalf of child without representation by counsel); cf. Barrows v. Jackson, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party). Because Mr. Bromley is not alleged to be an attorney, he may not attempt to represent persons other than himself, and any action based upon a claim belonging to Messrs. Cunningham, Fowler, Lopez and Murphy shall be subject to dismissal without prejudice. Feliciano, 846 F. Supp. at 1039.

    IV.    Plaintiff's Request for Temporary Restraining Order is Denied

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely

affect the public interest.  Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders).  The Court will not construe plaintiff's letter as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the letter does not appear to have been served on the defendants.  See Fed. R. Civ. P. 65(a)(1).

To the extent plaintiff seeks an ex parte restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).[1]  The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders.  Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).  A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).  Further, the party's attorney (or the party himself, if proceeding pro se as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the

---

[1] Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

reasons supporting the claim that notice should not be required.  Id.

Here, the Court recognizes that Mr. Bromley failed to certify his efforts to give notice to the named defendants in this action.  The failure to do so provides sufficient grounds for denial of the request.  See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

## ORDER

Based upon the foregoing, it is hereby ORDERED that plaintiff's request for temporary restraining order is DENIED.  If Mr. Bromley wishes to proceed with this action, he shall, within forty-two (42) days of the date of this Memorandum and Order, (1) either pay the $150 filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit; and (2) file a complaint in accordance with the Federal Rules of Civil Procedure.

The Clerk is directed to send to plaintiff (1) an Application to Proceed Without Prepayment of Fees and Affidavit; and (2) a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of December, 2004.

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE