```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

STEVEN L. BROMLEY,            )
          Plaintiff,          )
                              )
V.                            )    C.A. No. 04-12715-RCL
                              )
SHERIFF FRANK COUSINS, JR.,   )
          Defendant.          )
```

                        MEMORANDUM AND ORDER

For the reasons set forth below, this action shall be dismissed.

On December 29, 2004 a Memorandum and Order (#2) issued denying Plaintiff's request for a temporary restraining order and advising the Plaintiff that if he wishes to proceed with this action, he was ordered to file, within forty-two (42) days of that Order, an Application to proceed *in forma pauperis* accompanied by a certified copy of his prison account statement or in the alternative, he could pay the $150.00 filing fee.  He was further directed to file a complaint in accordance with the Federal Rules of Civil Procedure.

To date, Plaintiff has failed to file a complaint, and he has failed to pay the filing fee or submit an Application to Proceed *in forma pauperis*.  However, in the interim, Plaintiff has filed a separate, unrelated §1983 civil action, with his co-Plaintiffs Jonathan Wicker and Daniel Tufo. (See, Wicker, et al. v. Cousins, et al., C.A. 05-10172-RCL, filed January

21, 2005.)  In that action, Plaintiff Bromley has filed an Application to Proceed *in forma pauperis*.  Thus, it appears Plaintiff is abandoning the instant action.

Accordingly, for failure to comply with this Court's Memorandum and Order of December 29, 2004, it is hereby ORDERED that the above-captioned matter is dismissed in its entirety, without prejudice.

Should Plaintiff wish to pursue the claims which were contained in his motion for a temporary restraining order, he must file a separate complaint, accompanied by either an Application to Proceed Without Prepayment of Fees, along with his certified prison account statement for the past six months prior to suit, or he must pay the filing fee, which has increased to $250.00 as of February 7, 2005. See 28 U.S.C. § 1914; §1915(a)(1) (proceedings *in forma pauperis*).

Plaintiff is also advised that, although prisoner litigants may file applications for fee waiver under §1915, they are only excused from having to pay the entire filing fee up-front.  The Court must assess an initial partial filing fee, with periodic installment payments to be made thereafter. Id. §1915(b)(1).[1]  The Court cannot assess an initial partial

---

[1] After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the

filing fee without this information.


CONCLUSION

    Based on the foregoing, it is hereby ORDERED:

    The above captioned matter is DISMISSED for failure to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees, and failure to file a complaint, as directed by this Court's December 29, 2004 Memorandum and Order.


Dated at Boston, Massachusetts, this 22nd day of February, 2005.

                              /s/ Reginald C. Lindsay
                              REGINALD C. LINDSAY
                              UNITED STATES DISTRICT JUDGE

---

account exceeds $10 until the statutory filing fee is paid in full.  28 U.S.C. §1915(b)(2).